UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR C.H. A MINOR (AND AS A BYSTANDER) AND MARTHA GONZALEZ | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | |
| TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC., YADIRA CARRILLO AND CALVIN RUTLEDGE INDIVIDUALLY | § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Defendant Truckmovers.com, Inc. files its Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby removing this lawsuit from County Court of Dallas County, Texas to this Court, and would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff Jose Higareda is an individual residing in the State of Texas and for the purposes of diversity of citizenship, Plaintiff is a citizen of Texas.

2.      Plaintiff Jose Higareda, as Next of Friend for C.H. a Minor Child is an individual residing in the State of Texas and for the purposes of diversity of citizenship, Plaintiff is a citizen of Texas. *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) ("[R]epresentatives may stand upon their own citizenship in the federal courts irrespectively of the citizenship of the persons whom they represent, -- such as executors, administrators, guardians, trustees, receivers, etc.").

3.      Plaintiff Martha Gonzalez is an individual residing in the State of Texas and for the purposes of diversity of citizenship, Plaintiff is a citizen of Texas.

4.      Defendant Calvin Rutledge is an individual residing in Goodlettsville, Tennessee and for the purposes of diversity of citizenship, Defendant is a citizen of Tennessee.

5.      Defendant Truckmovers.com, Inc. ("Truckmovers") a Missouri corporation with its principal place of business in Missouri.  For the purposes of diversity jurisdiction, Defendant is a citizen of Missouri.

6.      Defendant Norton Transport, Inc. ("Norton") is incorporated in Georgia and, upon information and belief, Defendant Norton is a citizen of Georgia.

7.      Defendant Yadira Carrillo is an individual residing in Texas but has been improperly joined in this lawsuit.  Thus, her citizenship should be ignored for purposes of determining diversity of citizenship.

## II.
## BACKGROUND

8.      On April 16, 2019, Plaintiff Jose Higareda filed the lawsuit styled *Jose Higareda v. Truckmovers.com, Inc. and Calvin Rutledge, Individually*, in the County Court of Dallas County, Texas, Cause No. CC-19-02245-A (the "State Court Lawsuit").  On June 5, 2019, Plaintiff Jose Higareda filed an amended petition which added Martha Gonzalez as a plaintiff. On June 14, 2019, Truckmovers filed its Answer in state court.  On June 14, 2019, after Defendant Truckmovers answered, Plaintiffs again amended their petition to add Plaintiff Jose Higareda's representation as next friend for C.H., a minor child (and as a bystander) as well as Defendants Norton Transport, Inc. and Yadira Carrillo (the "Second Amended Petition).  As required by 28 U.S.C. § 1446(a), a true and correct copy of the entire record in the State Court Lawsuit, including the Amended Petition and all process, pleadings and orders served upon the defendants in the State Court Lawsuit, is attached hereto as Exhibit 1 and incorporated herein by reference.

9.      On May 24, 2019, Truckmovers was served for the first time with a citation in the State Court Lawsuit.  A true and correct copy of the citation served upon Truckmovers is attached hereto as Exhibit 2 and incorporated herein by reference.  Accordingly, removal of this civil action is filed within thirty days after receipt by Truckmovers of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).  No other Defendants have been served; therefore, their consent to this removal is not required.

10.     In the Second Amended Petition, Plaintiffs allege that on June 30, 2017, they were injured in an automobile accident.  Specifically, Plaintiffs allege that Defendant Calvin Rutledge was driving a truck owned by Truckmovers when he negligently struck several vehicles on the highway, lost control of his vehicle, and then crossed an embankment and struck the vehicle Plaintiffs were traveling in.  Plaintiffs also make a vague allegation that Defendant Yadira Carrillo is somehow negligent for failing to keep a proper lookout or take evasive action; however, Plaintiffs only allege Defendant Rutledge struck their vehicle.  There is no connection between Defendant Yadira Carrillo and Plaintiffs' alleged injuries.

### III.
### VENUE

11.     Venue is proper in this Court under 28 U.S.C. § 1441(a), because this district and division of this Court embraces Dallas County, Texas, the place where the State Court Lawsuit was filed.

### IV.
### BASIS OF REMOVAL

12.     The State Court Lawsuit is removable to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441(a).  This Court has original jurisdiction based upon diversity of citizenship among the parties because there is complete diversity between Plaintiffs, citizens of Texas, and Defendants Rutledge, Truckmovers, and Norton, none of whom are citizens of Texas.  Because Plaintiffs'

claims against Defendant Yadira Carrillo were improperly joined, the citizenship of the only non-diverse defendant, Carrillo, may be ignored for purposes of determining diversity jurisdiction. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Finally, the amount in controversy between the parties, exclusive of interest and costs exceeds $75,000.

**V.**
**DIVERSITY JURISDICTION EXISTS**

**A.      Complete Diversity Exists**

13.      This case is removable on the basis of diversity of citizenship.  There is complete diversity, as required by 28 U.S.C. § 1332, between Plaintiffs, who are citizens of Texas, and Defendants Rutledge, Truckmovers, and Norton, none of whom are citizens of Texas.  Defendant Yadira Carrillo has been improperly joined, as set forth below.

**1.      Improper Joinder of Yadira Carrillo**

14.      The doctrine of fraudulent joinder requires courts to ignore the lack of diversity between a plaintiff and defendant where there is no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant.  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (affirming denial of remand where court found improper joinder of in-state defendant because there was no possibility of recovery by the plaintiff against in-state defendant).  The fraudulent joinder or "improper joinder"[1] doctrine is applicable when a non-diverse party is added solely to deprive the federal courts of diversity jurisdiction.  Courts in this circuit recognize this doctrine and agree that the citizenship of

---

[1] The Fifth Circuit prefers to refer to the doctrine as "improper joinder" since the removing defendant need not prove fraud.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) ("Although there is no substantive difference between ['improper joinder' and 'fraudulent joinder'], 'improper joinder' is preferred.").

improperly joined, non-diverse parties should be disregarded for the purpose of determining diversity. *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014) (holding that the district court had jurisdiction because non-diverse defendants were improperly joined); *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (holding that the district court properly exercised diversity jurisdiction despite presence of non-diverse defendant, because that defendant had no legal interest in dispute); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding that the plaintiff's remand was properly denied because the non-diverse defendant was fraudulently joined). Upon application of the improper joinder doctrine, the district court temporarily assumes jurisdiction over the facially non-diverse case, and if there is no reasonable basis for imposition of liability under state law, dismisses the non-diverse party from the case and retains subject matter jurisdiction over the remaining claims.

15.    To demonstrate improper joinder, a party must establish either (1) fraud in the recitation of jurisdictional facts or (2) there is no possibility the plaintiff can establish a cause of action against the defendant under applicable state law. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401–02 (5th Cir. 2013) (explaining that improper joinder is established by showing actual fraud in pleading of jurisdictional facts or inability of plaintiff to establish cause of action against non-diverse party in state court; defendant established that individual defendants were improperly joined by showing plaintiff had no possibility of recovery against them); *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249–50 (5th Cir. 2011) (holding that non-diverse defendant was improperly joined because there was no reasonable basis to predict plaintiffs might be able to recover against that defendant).

16.    "[I]t is well established that the district court may 'pierce the pleadings' and consider summary judgment-type evidence" when analyzing whether fraudulent joinder has

occurred.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003).  Here, a review of the evidence demonstrates that there is no reasonable basis to predict Plaintiffs will recover against Yadira Carrillo for any of the claims they have asserted; therefore, she is improperly joined to this case.

17.    Plaintiffs allege that Yadira Carrillo is liable for negligence.    *See* Second Amended Petition, Section VI.  However, Plaintiffs have not alleged any facts to support this negligence claim.  In fact, Plaintiffs admit that Defendant Rutledge struck Defendant Carrillo before veering off the highway and then striking Plaintiffs' vehicle.  *Id.* at § IV.  A certified copy of the police report is attached as Exhibit 3 and shows that Defendant Rutledge was driving Unit 1, Yadira Carrillo was driving Unit 2, and the Plaintiffs were traveling in Unit 4.   The investigating officer stated that Defendant Rutledge hit Yadira Carrillo by veering from his lane of travel and rear-ending her vehicle on the highway.  *See* Exhibit 3.  Defendant Rutledge then drove off the highway, crossed an embankment, and hit Plaintiffs' vehicle which was traveling on the access road to the highway.  *Id.*  It is clear that Yadira Carrillo's vehicle was never near Plaintiffs' vehicle.  Further, the investigating officer did not cite Yadira Carrillo with any moving violation.  *Id.*  Quite simply, Yadira Carrillo was not the proximate cause of Plaintiffs' injuries. Plaintiffs have failed to plead any facts as to how Yadira Carrillo caused their injuries.

18.    If there is no reasonable basis for predicting that the plaintiff might be able to establish the non-diverse defendant's liability on the facts, the court should ignore that non-diverse defendant's citizenship for purposes of diversity.  *Ross*, 344 F.3d at 462-63 (reasonable possibility of recovery, not merely theoretical one, defeats removal).  Here, there is no possibility that the Plaintiffs can recover from Yadira Carrillo.  Therefore, this Court should apply the doctrine of improper joinder and assume jurisdiction over the facially non-diverse case, dismiss

Defendant Yadira Carrillo from the case, and retain subject matter jurisdiction over the remaining claims.

### C.      Amount in Controversy

19.      The Amended Petition states that Plaintiffs seek over one million dollars in damages.   As such, Plaintiffs alleged damages in its Amended Petition exceed $75,000, exclusive of interest and costs, satisfying the amount in controversy element of diversity jurisdiction. 28 U.S.C. § 1332(a).

## VI.
## OTHER PREDICATES FOR REMOVAL

20.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the entire record in the State Court Lawsuit, including Plaintiffs' Amended Petition therein and all process, pleadings and orders served upon defendants in the State Court Lawsuit, is attached hereto.  *See* Exhibit 1.

21.      As required by 28 U.S.C. § 1446(d), Truckmovers is filing with the Court in the State Court Lawsuit a true and correct copy of this Notice of Removal, giving notice that the State Court may proceed no further with respect to this action.

22.      By filing this Notice of Removal, Truckmovers does not intend to waive any defenses it may have to Plaintiffs' claims.

WHEREFORE, Defendant Truckmovers.com, Inc. requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant it such other and further relief to which it has shown itself justly entitled.

Respectfully submitted,

/s/ Joseph Turano

JOSEPH TURANO
Texas Bar No. 20295200
joseph.turano@clarkhillstrasburger.com
MONICA F. RAMIREZ
Texas Bar No. 24068621
monica.ramirez@clarkhillstrasburger.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ATTORNEYS FOR DEFENDANT
TRUCKMOVERS.COM, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was emailed to counsel of record by electronic mail on June 24, 2019.

/s/ Joseph Turano

JOSEPH TURANO