# EXHIBIT 1

# Case Information

CC-19-02245-A | JOSE HIGAREDA, MARTHA GONZALEZ, JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC..et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-19-02245-A | County Court at Law No. 1 | BENSON, D'METRIA |
| File Date | Case Type | Case Status |
| 04/16/2019 | DAMAGES (COLLISION) | OPEN |

# Party

PLAINTIFF
HIGAREDA, JOSE

Active Attorneys ▾

Lead Attorney
MUNCEY, J STEPHEN
Retained

PLAINTIFF
GONZALEZ, MARTHA

Active Attorneys ▾

Lead Attorney
MUNCEY, J STEPHEN
Retained

PLAINTIFF
JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD

Active Attorneys ▾

Lead Attorney
MUNCEY, J STEPHEN
Retained

DEFENDANT
CALVIN RUTLEDGE, INDIVIDUALLY

Address
310 JACKSON ROAD
GOODLETTSVILLE TN 37072

DEFENDANT

TRUCKMOVERS.COM, INC.

Address
SERVE REGISTERED AGENT
L. THOMAS DUVALL
2310 S. REDWOOD AVENUE
INDEPENDENCE MO 64057

Active Attorneys ▼

Lead Attorney
TURANO, JOSEPH A
Retained

---

DEFENDANT

NORTON TRANSPORT, INC.

Address
SERVE REGISTERED AGENT CALVIN
50A FIELDSTONE VILLAGE DRIVE
ROCK SPRING GA 30739

---

DEFENDANT

CARRILLO, YADIRA

Address
1709 CURTIS DRIVE
GARLAND TX 75040

# Events and Hearings

04/16/2019 NEW CASE FILED (OCA)

04/16/2019 ORIGINAL PETITION ▼

PLAINTIFF S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Comment
PLAINTIFF S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

04/16/2019 ISSUE CITATION ▼

CITATION 2012

CITATION 2012

Comment
ESERVE 33518774

05/13/2019 CITATION (SERVICE) ▼

Anticipated Server
ATTORNEY

Anticipated Method
Anticipated Server
ATTORNEY

Anticipated Method

---

06/05/2019 AMENDED PETITION ▾

PLAINTIFFS FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE

Comment
& REQUEST FOR DISCLOSURE

---

06/05/2019 ISSUE CITATION ▾

ISSUE CITATION

Comment
ENV#34225024

---

06/14/2019 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT TRUCKMOVERS.COM, INC. ORIGINAL ANSWER

Comment
DEFENDANT TRUCKMOVERS.COM, INC. ORIGINAL ANSWER

---

06/14/2019 AMENDED PETITION ▾

PLAINTIFFS SECOND AMENDED

Comment
PLAINTIFFS SECOND AMENDED

---

06/17/2019 ISSUE CITATION ▾

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

---

06/19/2019 CITATION (SERVICE)▾

Anticipated Server
ATTORNEY

Anticipated Method
Anticipated Server
ATTORNEY

Anticipated Method

Anticipated Server
ATTORNEY

Anticipated Method
Anticipated Server
ATTORNEY

Anticipated Method

## Financial

HIGAREDA, JOSE

| | Total Financial Assessment | | | | $289.00 |
| Total Payments and Credits | | | | | $289.00 |

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| 4/15/2019 | Transaction Assessment | | | | $285.00 |
| 4/15/2019 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2019-05032 | HIGAREDA, JOSE | ($285.00) |
| 6/4/2019 | Transaction Assessment | | | | $4.00 |
| 6/4/2019 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2019-07555 | HIGAREDA, JOSE | ($4.00) |

JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD

| | Total Financial Assessment | | | | $16.00 |
| Total Payments and Credits | | | | | $16.00 |

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| 6/16/2019 | Transaction Assessment | | | | $16.00 |
| 6/16/2019 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2019-08156 | JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT | ($16.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

PLAINTIFFS FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE

ISSUE CITATION

DEFENDANT TRUCKMOVERS.COM, INC. ORIGINAL ANSWER

PLAINTIFFS SECOND AMENDED

ISSUE CITATION

Case 3:19-cv-01493-M   Document 1-3   Filed 06/24/19   Page 6 of 59   PageID 18

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR C.H. A MINOR (AND AS A BYSTANDER) AND MARTHA GONZALEZ | § § § § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § § | |
| v. | § § | |
| TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC., YADIRA CARRILLO AND CALVIN RUTLEDGE INDIVIDUALLY | § § § § | |
| Defendants. | § § | |

## INDEX OF STATE COURT DOCUMENTS

| Exhibit | Date Filed | Description |
|---|---|---|
| 1-1 | 4/16/19 | Plaintiff's Original Petition & Request for Disclosure |
| 1-2 | 4/16/19 | Citations issued to Defendants |
| 1-3 | 6/05/19 | Plaintiff's First Amended Petition & Request for Disclosure |
| 1-4 | 6/05/19 | Citation issued to Defendant Rutledge |
| 1-5 | 6/14/19 | Defendant Truckmovers.com, Inc.'s Original Answer |
| 1-6 | 6/14/19 | Plaintiffs' Second Petition & Request for Disclosure |
| 1-7 | 6/14/19 | Citations issued to Defendants |

# EXHIBIT 1-1

FILED
4/16/2019 6:58 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-19-02245-A

| | | |
|---|---|---|
| **JOSE HIGAREDA** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **vs.** | § | **AT LAW NO. ____** |
| | § | |
| | § | |
| | § | |
| **TRUCKMOVERS.COM, INC. AND** | § | |
| **CALVIN RUTLEDGE, INDIVIDUALLY** | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW,** Jose Higareda ("Plaintiff") in the above-styled and numbered cause, and makes and files this, his Original Petition & Request for Disclosure, complaining of Truckmovers.com, Inc. and Calvin Rutledge, Individually (hereinafter collectively as "Defendants"), and for causes of action would respectfully show this Court and Jury the following:

**I.**

 Plaintiff, Jose Higareda is a natural person residing within the State of Texas.

 Defendant, Calvin Rutledge ("Rutledge") is a natural person residing at 310 Saffron Circle, Mesquite, Dallas County, Texas 75149 and as such, may be served with process at said address or anywhere he may be found within the State of Texas.

 Defendant, Truckmovers.com, Inc. is a foreign corporation doing business within the State of Texas and therefore may be served with process through its registered agent: L. Thomas Duvall, 2310 S. Redwood Avenue, Independence, Missouri 64057.

 Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this matter is intended to be conducted under level two.

## II.

In accordance with §15.002(a)(2) of the *Texas Civil Practice and Remedies Code*, venue is proper for this action in Dallas County, Texas because all or part of the causes of action arose in Dallas county, Texas. The amount in controversy for the cause of actions stated herein exceed the minimum jurisdictional limits of the Court.

## III.

This action arises as a result of personal injuries being sustained by Plaintiff on and after 06/30/17 in Dallas County, Texas, and the resulting losses sustained by him on said date and continuing into the future.

## IV.

On or about 06/30/17,Plaintiff was driving in a Ford F150 Pickup Truck in Dallas County, Texas and was attempting to enter northbound 635 Freeway via the on ramp. On the same day, Defendant, Calvin Rutledge ("Rutledge") was driving in a northerly direction on 635 Freeway in a 2017 White International Truck owned, controlled and/or leased by Defendant, Truckmovers.com, Inc. While at least failing to control his speed, Defendant Rutledge negligently struck one or more vehicles traveling in front of him. As a direct and proximate result of Defendant Rutledge's negligence and the above described impact(s), Defendant Rutledge then lost control of his vehicle and proceeded to cross a grassy embankment thereby striking Plaintiff's vehicle and ultimately landing on top of it. As a direct and proximate result of Defendants negligence, a serious accident occurred whereby Plaintiff's vehicle was rendered a total loss and Plaintiff sustained personal injuries all of which hereby sues to recover.

## V.

## DEFENDANT, CALVIN RUTLEDGE

Plaintiff would show this Court that the negligent acts and omissions of Defendant, Calvin Rutledge and the statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the accident in question and the resulting injuries and damages sustained by the Plaintiff. The statutory violations constitute negligence per se.  The violations, negligent acts and omissions are, among others, as follows:

(a)     Rutledge failed to control the speed of his vehicle;

(b)     Rutledge failed to maintain a proper lookout;

©       Rutledge failed to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

(d)     Rutledge failed to travel at a speed reasonable for the weather and traffic conditions;

(e)     Rutledge failed to give full attention to the operation of his vehicle under the circumstances occurring prior to the collision made the basis of this suit;

(f)     Rutledge drove his vehicle at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances in violation of local ordinances and TEX. TRANS. CODE ANN. §545.351;

(g)     Rutledge failed to maintain an assured clear distance between his vehicle and one or more vehicles traveling in front of him thereby causing him to lose control of his vehicle and ultimately strike the Plaintiff's vehicle all in violation of TEX. TRANS. CODE ANN. §545.062;

(h)     Rutledge failed to take evasive action to avoid causing the subject collision;

(I)     Rutledge drove his vehicle at the time and on the occasion in question with heedless and reckless disregard of the safety of others, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401; and

(j)     Other acts of negligence and/or negligence per se.

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE** - Page 3

## VI.

## DEFENDANT, TRUCKMOVERS.COM

The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Calvin Rutledge, an employee of Defendant Truckmovers.Com. At all times material to this lawsuit, Defendant Calvin Rutledge was an employee of Defendant Truckmovers.Com. and was acting within the course and scope of his employment with Defendant Truckmovers.Com., furthering the business for his employer. Consequently, Defendant Truckmovers.Com is vicariously liable to Plaintiff for the negligent and/or negligence *per se* conduct of Defendant Calvin Rutledge under the doctrine of *respondeat superior.*

## VII.

## GROSS NEGLIGENCE

Plaintiff contends that on the occasion in question, Defendant Rutledge committed acts of omission and commission, which are more fully described in the paragraphs set forth above, which collectively and severally constituted gross negligence under Chapter 41 of the *Texas Civil Practice and Remedies Code*. Defendant, Rutledge's conduct, when viewed objectively from the standpoint of said Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendant Rutledge had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Consequently, Defendant Rutledge's conduct constitutes gross negligence. Such gross negligence was a proximate cause of the occurrence and the injuries/damages of the Plaintiff.

# VIII.

## <u>DAMAGES</u>

As a result off the collision made the basis of this lawsuit described in the proceeding

paragraphs and the negligence of Defendants, who at all times were acting jointly and severally,

Plaintiff, Jose Higareda sustained severe permanent and/or incapacitating type injuries and damages. His

injuries and damages will, in reasonable probability, continue in the future. Plaintiff respectfully requests

that the trier of fact determine the amount of his damages and losses that he has incurred in the past and

will reasonably incur in the future, as well as the monetary value of these damages, which include, but

are not limited to:

      a.    Physical pain and mental anguish in the past and future;

      b.    Lost wages in the past;

      c.    Loss of earning capacity;

      d.    Disfigurement;

      e.    Physical impairment in the past and future;

      f.    Medical expenses in the past and future;

      g.    Out-of-pocket economic losses; and

      h.    Exemplary damages.

Because of all of the above and foregoing, Plaintiff has suffered actual damages in

excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

Plaintiff seeks monetary relief in excess of $1,000,000.00.

The medical expenses referenced herein by the Plaintiff were incurred for necessary care and

treatment of the injuries resulting from the accident complained of above. The charges are reasonable

and were the usual and customary charges made for such services in the county at which they were

rendered.

## IX.

## **PRESERVATION OF EVIDENCE**

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; facsimiles; emails; voicemails; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Jose Higareda, Calvin Rutledge, the referenced incident, the vehicles involved in said incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## X.

## **INTEREST**

Plaintiff further asserts that pursuant to the laws of the State of Texas that he is additionally entitled to recover pre-judgment interest at the highest legal rate allowed by law.

## XI.

## **JURY DEMAND**

Pursuant to Rule 216 of the *Texas Rules of Civil Procedure*, Plaintiff respectfully requests and demands a trial by jury.

## XII.

### **REQUEST FOR DISCLOSURE**

Pursuant to Texas Rule of Civil Procedure 194(a)-(1), request is made that each Defendant disclose the information described therein, within fifty (50) days of service of this request. Each Defendant must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XIII.

### **RULE 193.7 NOTICE**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

### **PRAYER**

***WHEREFORE, PREMISES CONSIDERED***, Plaintiff requests and pray that Defendants Calvin Rutledge and Truckmovers.com, Inc. be cited to appear and answer herein and that on final trial hereof, Plaintiff have judgment from, of, from and against all named Defendants, both jointly and severally and for all damages sustained (either actual, exemplary or otherwise), together with costs of suit, pre-judgment interest, post-judgment interest, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled, and for which he will ever pray.

Respectfully Submitted,

**LAW OFFICES OF J. STEPHEN MUNCEY**

/s/ J. Stephen Muncey
J. Stephen Muncey
State Bar Number: 00794346
Email: jsmuncey@aol.com

One Energy Square
4925 Greenville Avenue, Suite 200
Dallas, Texas 75206
(214) 265-0406 (office)
(214) 265-0407 (facsimile)

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT 1-2

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-19-02245-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

      **CALVIN RUTLEDGE, INDIVIDUALLY**
      **310 SAFFRON CIRCLE**
      **MESQUITE TX  75149**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

### JOSE HIGAREDA
*Plaintiff(s)*

vs.

### CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.
*Defendant(s)*

filed in said Court on the 16th day of April, 2019a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of May, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
    Lupe Perez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION &
REQUEST FOR DISCLOSURE**

## CC-19-02245-A

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

JOSE HIGAREDA, *Plaintiff(s)*

VS.

CALVIN RUTLEDGE,
INDIVIDUALLY;
TRUCKMOVERS.COM, INC.,
*Defendant(s)*

---

**SERVE:**
**CALVIN RUTLEDGE, INDIVIDUALLY**
**310 SAFFRON CIRCLE**
**MESQUITE TX  75149**

**ISSUED THIS**
**13TH DAY OF MAY, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-19-02245-A   County Court at Law No. 1

JOSE HIGAREDA vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC.

**ADDRESS FOR SERVICE:**
310 SAFFRON CIRCLE
MESQUITE TX  75149

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to CALVIN RUTLEDGE, INDIVIDUALLY in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy       $_____      _____, Officer

Total     $_____                          _____, County, Texas

By:_____, Deputy

_____, Affiant

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-19-02245-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**TRUCKMOVERS.COM, INC.**
**SERVE REGISTERED AGENT**
**L THOMAS DUVALL**
**2310 S REDWOOD AVENUE**
**INDEPENDENCE MO  64057**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**JOSE HIGAREDA**
*Plaintiff(s)*

**VS.**

**CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.**
*Defendant(s)*

filed in said Court on the 16th day of April, 2019a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of May, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
        Lupe Perez



---

| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION &** |
| **REQUEST FOR DISCLOSURE** |

**CC-19-02245-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
**Dallas County, Texas**

JOSE HIGAREDA, *Plaintiff(s)*

**VS.**

CALVIN RUTLEDGE,
INDIVIDUALLY;
TRUCKMOVERS.COM, INC.,
*Defendant(s)*

---

**SERVE:**
**TRUCKMOVERS.COM, INC.**
**SERVE REGISTERED AGENT**
**L THOMAS DUVALL**
**2310 S REDWOOD AVENUE**
**INDEPENDENCE MO  64057**

**ISSUED THIS**
**13TH DAY OF MAY, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

---

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-19-02245-A   County Court at Law No. 1

JOSE HIGAREDA vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC.

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT
L THOMAS DUVALL
2310 S REDWOOD AVENUE
INDEPENDENCE MO  64057

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to TRUCKMOVERS.COM, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____      _____, Officer

Total    $_____      _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT 1-3

FILED
6/5/2019 9:50 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:19-cv-01493-M   Document 1-3   Filed 06/24/19   Page 23 of 59   PageID 35
CAUSE NO. CC19-02245-A

| | | |
|---|---|---|
| **JOSE HIGAREDA AND MARTHA GONZALEZ** | § § § | **IN THE COUNTY COURT** |
| **vs.** | § § § § | **AT LAW NO. __1__** |
| **TRUCKMOVERS.COM, INC. AND CALVIN RUTLEDGE, INDIVIDUALLY** | § § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFFS' FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW,** Jose Higareda and Martha Gonzalez (collectively as "Plaintiffs") in the above-styled and numbered cause, and make and file this, their First Amended Petition & Request for Disclosure, complaining of Truckmovers.com, Inc. and Calvin Rutledge, Individually (hereinafter collectively as "Defendants"), and for causes of action would respectfully show this Court and Jury the following:

**I.**

 Plaintiff, Jose Higareda is a natural person residing within the State of Texas.

 Plaintiff, Martha Gonzalez is a natural person residing within the State of Texas.

 Defendant, Calvin Rutledge ("Rutledge") is a natural person residing at 310 Saffron Circle, Mesquite, Dallas County, Texas 75149 and as such, may be served with process at said address or anywhere he may be found within the State of Texas.

 Defendant, Truckmovers.com, Inc. is a foreign corporation doing business within the State of Texas and therefore may be served with process through its registered agent: L. Thomas Duvall, 2310 S. Redwood Avenue, Independence, Missouri 64057.

<u>**PLAINTIFFS' FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE**</u> - Page 1

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this matter is intended to be conducted under level two.

## II.

In accordance with §15.002(a)(2) of the *Texas Civil Practice and Remedies Code*, venue is proper for this action in Dallas County, Texas because all or part of the causes of action arose in Dallas county, Texas. The amount in controversy for the cause of actions stated herein exceed the minimum jurisdictional limits of the Court.

## III.

This action arises as a result of personal injuries being sustained by the Plaintiffs on and after 06/30/17 in Dallas County, Texas, and the resulting losses sustained by them on said date and continuing into the future.

## IV.

On or about 06/30/17,Plaintiff was driving in a Ford F150 Pickup Truck in Dallas County, Texas and was attempting to enter northbound 635 Freeway via the on ramp. On the same day, Defendant, Calvin Rutledge ("Rutledge") was driving in a northerly direction on 635 Freeway in a 2017 White International Truck owned, controlled and/or leased by Defendant, Truckmovers.com, Inc. While at least failing to control his speed, Defendant Rutledge negligently struck one or more vehicles traveling in front of him. As a direct and proximate result of Defendant Rutledge's negligence and the above described impact(s), Defendant Rutledge then lost control of his vehicle and proceeded to cross a grassy embankment thereby striking Plaintiff's vehicle and ultimately landing on top of it. As a direct and proximate result of Defendants negligence, a serious accident occurred whereby Plaintiff's vehicle was

rendered a total loss and Plaintiff Jose Higareda and his spouse Martha Gonzalez both sustained personal injuries all of which they hereby sue to recover.

## V.

## DEFENDANT, CALVIN RUTLEDGE

Plaintiff would show this Court that the negligent acts and omissions of Defendant, Calvin Rutledge and the statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the accident in question and the resulting injuries and damages sustained by the Plaintiff. The statutory violations constitute negligence per se.  The violations, negligent acts and omissions are, among others, as follows:

(a)     Rutledge failed to control the speed of his vehicle;

(b)     Rutledge failed to maintain a proper lookout;

©       Rutledge failed to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

(d)     Rutledge failed to travel at a speed reasonable for the weather and traffic conditions;

(e)     Rutledge failed to give full attention to the operation of his vehicle under the circumstances occurring prior to the collision made the basis of this suit;

(f)     Rutledge drove his vehicle at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances in violation of local ordinances and TEX. TRANS. CODE ANN. §545.351;

(g)     Rutledge failed to maintain an assured clear distance between his vehicle and one or more vehicles traveling in front of him thereby causing him to lose control of his vehicle and ultimately strike the Plaintiff's vehicle all in violation of TEX. TRANS. CODE ANN. §545.062;

(h)     Rutledge failed to take evasive action to avoid causing the subject collision;

(I)     Rutledge drove his vehicle at the time and on the occasion in question with heedless and reckless disregard of the safety of others, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of

the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401; and

(j)       Other acts of negligence and/or negligence *per se.*

# VI.

## DEFENDANT, TRUCKMOVERS.COM, INC.

The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Calvin Rutledge, an employee of Defendant Truckmovers.com, Inc. At all times material to this lawsuit, Defendant Calvin Rutledge was an employee of Defendant Truckmovers.com, Inc. and was acting within the course and scope of his employment with Defendant Truckmovers.com, Inc., furthering the business for his employer. Consequently, Defendant Truckmovers.com, Inc. is vicariously liable to Plaintiff for the negligent and/or negligence *per se* conduct of Defendant Calvin Rutledge under the doctrine of *respondeat superior.*

# VII.

## GROSS NEGLIGENCE

Plaintiff contends that on the occasion in question, Defendant Rutledge committed acts of omission and commission, which are more fully described in the paragraphs set forth above, which collectively and severally constituted gross negligence under Chapter 41 of the *Texas Civil Practice and Remedies Code.* Defendant, Rutledge's conduct, when viewed objectively from the standpoint of said Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendant Rutledge had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Consequently, Defendant Rutledge's conduct constitutes gross

negligence. Such gross negligence was a proximate cause of the occurrence and the injuries/damages of the Plaintiff.

## VIII.

## <u>DAMAGES</u>

As a result off the collision made the basis of this lawsuit described in the proceeding paragraphs and the negligence of Defendants, who at all times were acting jointly and severally, both Plaintiffs named herein have suffered damages. More specifically, Plaintiff, Jose Higareda has sustained severe permanent and/or incapacitating injuries and damages. His injuries and damages will, in reasonable probability, continue in the future. Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

     a.     Physical pain and mental anguish in the past and future;

     b.     Lost wages in the past;

     c.     Loss of earning capacity;

     d.     Disfigurement;

     e.     Physical impairment in the past and future;

     f.     Medical expenses in the past and future;

     g.     Out-of-pocket economic losses; and

     h.     Loss of household services

     I.     Exemplary damages.

Further, Plaintiff, Martha Gonzalez, the spouse of Plaintiff, Jose Higareda, has suffered loss of household services and loss of consortium damages all of which she hereby sues to recover.

Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff seeks monetary relief in excess of $1,000,000.00.

The medical expenses referenced herein by the Plaintiff were incurred for necessary care and treatment of the injuries resulting from the accident complained of above. The charges are reasonable and were the usual and customary charges made for such services in the county at which they were rendered.

## IX.

## PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; facsimiles; emails; voicemails; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Jose Higareda, Calvin Rutledge, the referenced incident, the vehicles involved in said incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## X.

## INTEREST

Plaintiff further asserts that pursuant to the laws of the State of Texas that he is additionally entitled to recover pre-judgment interest at the highest legal rate allowed by law.

## XI.

## JURY DEMAND

Pursuant to Rule 216 of the *Texas Rules of Civil Procedure*, Plaintiff respectfully requests and demands a trial by jury.

## XII.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a)-(1), request is made that each Defendant disclose the information described therein, within fifty (50) days of service of this request. Each Defendant must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XIII.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request and pray that Defendants

Calvin Rutledge and Truckmovers.com, Inc. be cited to appear and answer herein and that on final trial

hereof, Plaintiffs have judgment from, of, from and against all named Defendants, both jointly and

severally and for all damages sustained (either actual, exemplary or otherwise), together with costs of

suit, pre-judgment interest, post-judgment interest, and for such other and further relief, both general and

special, at law or in equity, to which Plaintiffs are justly entitled, and for which they will ever pray.

Respectfully Submitted,

**LAW OFFICES OF J. STEPHEN MUNCEY**

/s/ J. Stephen Muncey
J. Stephen Muncey
State Bar Number: 00794346
Email: jsmuncey@aol.com

One Energy Square
4925 Greenville Avenue, Suite 200
Dallas, Texas 75206
(214) 265-0406 (office)
(214) 265-0407 (facsimile)

**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT 1-4

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-19-02245-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**CALVIN RUTLEDGE, INDIVIDUALLY**
**310 SAFFRON CIRCLE**
**MESQUITE TX  75149**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE ATTACHED, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**JOSE HIGAREDA; MARTHA GONZALEZ**
*Plaintiff(s)*

**VS.**

**CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.**
*Defendant(s)*

filed in said Court on the 5th day of June, 2019 a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 10th day of June, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
    Sonya Harris



---

**ATTORNEY**

**CITATION**
**PLAINTIFFS' FIRST AMENDED**
**PETITION & REQUEST FOR**
**DISCLOSURE ATTACHED**

**CC-19-02245-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

JOSE HIGAREDA; MARTHA
GONZALEZ, *Plaintiff(s)*

**VS.**

CALVIN RUTLEDGE,
INDIVIDUALLY;
TRUCKMOVERS.COM, INC.,
*Defendant(s)*

**SERVE:**
**CALVIN RUTLEDGE, INDIVIDUALLY**
**310 SAFFRON CIRCLE**
**MESQUITE TX  75149**

**ISSUED THIS**
**10TH DAY OF JUNE, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: SONYA HARRIS, DEPUTY

Attorney for Plaintiff

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-19-02245-A   County Court at Law No. 1

JOSE HIGAREDA, MARTHA GONZALEZ vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC.

**ADDRESS FOR SERVICE:**
310 SAFFRON CIRCLE
MESQUITE TX  75149

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to CALVIN RUTLEDGE, INDIVIDUALLY in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE ATTACHED with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy       $_____       _____, Officer

Total    $_____               _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT 1-5

FILED
6/14/2019 3:20 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No. CC-19-02245-A

| | | |
|---|---|---|
| JOSE HIGAREDA | § | IN THE COUNTY COURT |
|   Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| TRUCKMOVERS.COM, INC. AND | § | |
| CALVIN RUTLEDGE, INDIVIDUALLY | § | |
|   Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT TRUCKMOVERS.COM, INC.'S
## ORIGINAL ANSWER

COMES NOW, **TRUCKMOVERS.COM, INC.**, and makes and files this, its Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show the Court as follows:

I.

Subject to such stipulations and admissions as may be made hereafter, this Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which he has made against this Defendant and to do so before a jury composed of citizens of this County as is required by the laws and the Constitution.

II.

Defendant pleads that any recovery of medical or other healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

III.

Defendant invokes the provisions of Texas Civil Practice and Remedies Code § 18.091 and states that any evidence of loss of earnings, loss of earning capacity or other pecuniary losses must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal tax law.

IV.

Pleading further, Defendant denies it is liable for violation of any statutes and/or governmental regulations, as alleged by Plaintiff, and denies that it was negligent per se for the following reasons:

(a)     With respect to Defendant, Plaintiff does not allege any statutes or governmental regulations that set forth any duty of care separate and apart from the ordinary duty of care;

(b)     Defendant specifically denies that it violated any statutes or governmental regulations; and

(c)     Any violation of a statute or governmental regulation, which Defendant denies, did not proximately cause any damage to the Plaintiff.

V.

Defendant invokes and pleads the limitation on liability for exemplary damages and standard of proof as provided by §§ 41.001-41.008 of the Tex. Civ. Prac. & Rem. Code.  Defendant specifically denies that it is jointly and severally liable for any award of punitive damages assessed against any co-defendants in favor of Plaintiff pursuant to the provisions of Chapter 41.006 of the Tex. Civ. Prac. & Rem. Code.  The limits of any

such liability should be in conformance with Tex. Civ. Prac. & Rem. Code 41.008 and this Defendant specifically pleads the cap on exemplary damages contained therein.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be rendered in its favor, that Plaintiff takes nothing by this suit and that this Defendant be allowed to go hence without delay, with the costs expended on its behalf, and for such other and further relief, general and specific, legal and equitable, to which this Defendant may be justly entitled.

Respectfully submitted,

_____

**JOSEPH A. TURANO**
State Bar No. 20295200
joseph.turano@clarkhillstrasburger.com
**MONICA F. RAMIREZ**
State Bar No. 24068621
monica.ramirez@clarkhillstrasburger.com

**CLARK HILL STRASBURGER**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
Telecopier: (214) 651-4330

**ATTORNEYS FOR DEFENDANT**
TRUCKMOVERS.COM, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been electronically filed and sent via electronic mail to Plaintiff's counsel on this 14th day of June, 2019.

_____
**JOSEPH A. TURANO**

# EXHIBIT 1-6

FILED
6/14/2019 4:14 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:19-cv-01493-M   Document 1-3   Filed 06/24/19   Page 40 of 59   PageID 52
CAUSE NO. CC19-02245-A

| | | |
|---|---|---|
| **JOSE HIGAREDA, INDIVIDUALLY** | § | **IN THE COUNTY COURT** |
| **AND AS NEXT OF FRIEND FOR** | § | |
| **C.H. A MINOR CHILD (AND AS A** | § | |
| **BYSTANDER) AND MARTHA GONZALEZ** | § | |
| | § | |
| **vs.** | § | **AT LAW NO.   1  ** |
| | § | |
| | § | |
| | § | |
| **TRUCKMOVERS.COM, INC., NORTON** | § | |
| **TRANSPORT, INC., YADIRA CARRILLO** | § | |
| **AND CALVIN RUTLEDGE INDIVIDUALLY** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' SECOND AMENDED
## PETITION & REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

  ***COMES NOW,*** Jose Higareda, Individually and as Next of Friend for C.H., a Minor Child (and as a bystander) and Martha Gonzalez (collectively as "Plaintiffs") in the above-styled and numbered cause, and make and file this, their Second Amended Petition & Request for Disclosure, complaining of Truckmovers.com, Inc., Norton Transport, Inc., Yadira Carrillo and Calvin Rutledge, Individually (hereinafter collectively as "Defendants"), and for causes of action would respectfully show this Court and Jury the following:

## I.

  Plaintiff, Jose Higareda, Individually and as Next of Friend for C.H. a Minor Child is a natural person residing within the State of Texas.

  Plaintiff, Martha Gonzalez is a natural person residing within the State of Texas.

  Defendant, Calvin Rutledge ("Rutledge") is a natural person residing at 310 Jackson Road Goodlettsville, Tennessee 37072 and as such, may be served with process at said address or anywhere he

may be found within the State of Texas.

Defendant, Norton Transport, Inc. is a foreign corporation alleged in the alternative, to have been doing business within the State of Texas at the time of the subject accident and therefore may be served with process through its registered agent: Calvin Norton at 50A Fieldstone Village Drive, Rock Spring, Georgia 30739, USA.

Defendant, Yadira Carrillo  is a natural person residing at 1709 Curtis Drive, Garland, Dallas County, Texas 75040 and as such, may be served with process at said address or anywhere she may be found within the State of Texas.

Defendant, Truckmovers.com, Inc. is a foreign corporation doing business within the State of Texas and therefore may be served with process through its registered agent: L. Thomas Duvall, 2310 S. Redwood Avenue, Independence, Missouri 64057.

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this matter is intended to be conducted under level two.

## II.

In accordance with §15.002(a)(2) of the *Texas Civil Practice and Remedies Code*, venue is proper for this action in Dallas County, Texas because all or part of the causes of action arose in Dallas county, Texas and Defendant Yadira Carrillo is a resident of said county. The amount in controversy for the cause of actions stated herein exceed the minimum jurisdictional limits of the Court.

**III.**

This action arises as a result of personal injuries being sustained by the Plaintiffs on and after 06/30/17 in Dallas County, Texas, and the resulting losses sustained by them on said date and continuing into the future.

**IV.**

On or about 06/30/17, Plaintiff was driving in a Ford F150 Pickup Truck in Dallas County, Texas and was attempting to enter northbound 635 Freeway via the on ramp. On the same day, Defendant, Calvin Rutledge ("Rutledge") was driving in a northerly direction on 635 Freeway in a 2017 White International Truck owned, controlled and/or leased by Defendant, Truckmovers.com, Inc. While at least failing to control his speed, Defendant Rutledge negligently struck one or more vehicles traveling in front of him, including but not limited to Defendant Yadira Carrillo's vehicle. At the time of this impact, Defendant Carrillo was negligent in failing to at least keep a proper lookout, keep an assured clear distance and/or take evasive action.

As a direct and proximate result of Defendants' negligence and the above described impact(s), Defendant Rutledge lost control of his vehicle, proceeded to cross a grassy embankment and struck Plaintiff's vehicle before ultimately landing on top of it. As a direct and proximate result of Defendants' negligence, a serious accident occurred whereby Plaintiff's vehicle was rendered a total loss and Plaintiff Jose Higareda, individually and as next of friend for C.H. a Minor Child (and as a bystander) as well as his spouse Martha Gonzalez, sustained personal injuries all of which they hereby sue to recover.

V.

**DEFENDANT, CALVIN RUTLEDGE**

Plaintiff would show this Court that the negligent acts and omissions of Defendant, Calvin Rutledge and the statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the accident in question and the resulting injuries and damages sustained by the Plaintiffs. The statutory violations constitute negligence <u>per se</u>.  The violations, negligent acts and omissions are, among others, as follows:

(a)     Rutledge failed to control the speed of his vehicle;

(b)     Rutledge failed to maintain a proper lookout;

©     Rutledge failed to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

(d)     Rutledge failed to travel at a speed reasonable for the weather and traffic conditions;

(e)     Rutledge failed to give full attention to the operation of his vehicle under the circumstances occurring prior to the collision made the basis of this suit;

(f)     Rutledge drove his vehicle at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances in violation of local ordinances and TEX. TRANS. CODE ANN. §545.351;

(g)     Rutledge failed to maintain an assured clear distance between his vehicle and one or more vehicles traveling in front of him thereby causing him to lose control of his vehicle and ultimately strike the Plaintiff's vehicle all in violation of TEX. TRANS. CODE ANN. §545.062;

(h)     Rutledge failed to take evasive action to avoid causing the subject collision;

(I)     Rutledge drove his vehicle at the time and on the occasion in question with heedless and reckless disregard of the safety of others, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401; and

(j)     Other acts of negligence and/or negligence *per se.*

## VI.

## DEFENDANT, YADIRA CARRILLO

Plaintiff would further show this Court that the negligent acts and/or omissions of Defendant, Yadira Carrillo and/or the statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the accident in question and the resulting injuries and damages sustained by the Plaintiffs. The statutory violations constitute negligence per se.  The violations, negligent acts and omissions are, among others, as follows:

(a)      Yadira Carrillo failed to maintain a proper lookout;

(b)      Yadira Carrillo failed to maintain an assured clear distance;

©      Yadira Carrillo failed to take evasive action to avoid causing the subject collision; and

(d)      Other acts of negligence and/or negligence per se.


## VII.

## DEFENDANT, TRUCKMOVERS.COM, INC.

The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Calvin Rutledge, an employee of Defendant Truckmovers.com, Inc. At all times material to this lawsuit, Defendant Calvin Rutledge was an employee of Defendant Truckmovers.com, Inc. and was acting within the course and scope of his employment with Defendant Truckmovers.com, Inc., furthering the business for his employer. Consequently, Defendant Truckmovers.com, Inc. is vicariously liable to Plaintiff for the negligent and/or negligence per se conduct of Defendant Calvin Rutledge under the doctrine of respondeat superior.

## VIII.

## DEFENDANT, NORTON TRANSPORT, INC. (ALTERNATIVE)

In the alternative and in an abundance of caution only, Plaintiffs would allege that the collision made the basis of this lawsuit resulted from the improper conduct of Defendant Calvin Rutledge, an employee of Defendant, Norton Transport, Inc. at the time of the accident made the basis of this suit and was acting within the course and scope of his employment with said alternative Defendant, furthering the business for his employer. Consequently, Defendant Norton Transport, Inc. is vicariously liable to Plaintiff for the negligent and/or negligence *per se* conduct of Defendant Calvin Rutledge under the doctrine of *respondeat superior.*

## IX.

## BYSTANDER CLAIM/DAMAGES-CHRISTOPHER HIGAREDA

As a proximate result of Defendants' negligent acts and/or omissions, Christopher Higareda suffered personal injuries, physical pain and suffering in the past as well as mental anguish as he had contemporaneous perception of the accident and the severe damages and injuries sustained by his father, Jose Higareda. More specifically, C.H. will show that he was riding as a passenger in the Ford F150 vehicle with his father at the time the 2017 White International Truck driven by Calvin Rutledge violently crashed into their vehicle injuring him and his father. Upon impact of this crash, C.H. a Minor Child immediately began to experience extreme nervousness, shock, physical injury and mental anguish as a result of the Defendants negligence referenced above.

## X.

## <u>GROSS NEGLIGENCE</u>

Plaintiff contends that on the occasion in question, Defendant Rutledge committed acts of omission and commission, which are more fully described in the paragraphs set forth above, which collectively and severally constituted gross negligence under Chapter 41 of the *Texas Civil Practice and Remedies Code*. Defendant, Rutledge's conduct, when viewed objectively from the standpoint of said Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendant Rutledge had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Consequently, Defendant Rutledge's conduct constitutes gross negligence. Such gross negligence was a proximate cause of the occurrence and the injuries/damages of the Plaintiff.

## XI.

## <u>DAMAGES</u>

As a result off the collision made the basis of this lawsuit described in the proceeding paragraphs and the negligence of Defendants, who at all times were acting jointly and severally, both Plaintiffs named herein have suffered damages. More specifically, Plaintiff, Jose Higareda has sustained severe permanent and/or incapacitating injuries and damages. His injuries and damages will, in reasonable probability, continue in the future. Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    Physical pain and mental anguish in the past and future;

    b.    Lost wages in the past;

c.      Loss of earning capacity;

d.      Disfigurement;

e.      Physical impairment in the past and future;

f.      Medical expenses in the past and future;

g.      Out-of-pocket economic losses; and

h.      Loss of household services

i.      Exemplary damages.

Further, Plaintiff, Martha Gonzalez, the spouse of Plaintiff, Jose Higareda, has suffered loss of household services and loss of consortium damages all of which she hereby sues to recover.

Further, Plaintiff, Jose Higareda as Next of Friend for C.H. a Minor Child (and as a bystander) has incurred medical expenses in the past, physical pain and suffering and mental anguish all of which he hereby sues to recover.

Because of all of the above and foregoing, Plaintiffs have suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiffs now bring suit. Plaintiffs seek monetary relief in excess of $1,000,000.00.

The medical expenses referenced herein by the Plaintiffs were incurred for necessary care and treatment of the injuries resulting from the accident complained of above. The charges are reasonable and were the usual and customary charges made for such services in the county at which they were rendered.

## XII.

### PRESERVATION OF EVIDENCE

Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; facsimiles; emails; voicemails; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Jose Higareda, Martha Gonzalez, Yadira Carrillo, Calvin Rutledge, the referenced incident, the vehicles involved in said incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## XIII.

### INTEREST

Plaintiffs further assert that pursuant to the laws of the State of Texas that they are additionally entitled to recover pre-judgment interest at the highest legal rate allowed by law.

## XIV.

### JURY DEMAND

Pursuant to Rule 216 of the *Texas Rules of Civil Procedure*, Plaintiffs respectfully request and demand a trial by jury.

## XV.

## **REQUEST FOR DISCLOSURE**

Pursuant to Texas Rule of Civil Procedure 194(a)-(1), request is made that each Defendant

disclose the information described therein, within fifty (50) days of service of this request. Each

Defendant must serve a written response to these Requests for Disclosure on Plaintiffs within fifty (50)

days after the service of this request. Failure to timely respond shall constitute an abuse of discovery

pursuant to Texas Rule of Civil Procedure 215.

## XVI.

## **RULE 193.7 NOTICE**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice

to each Defendant that any and all documents produced may be used against the Defendant producing

the document at any pretrial proceeding and/or at the trial of this matter without the necessity of

authenticating the documents.

## **PRAYER**

*WHEREFORE, PREMISES CONSIDERED*, Plaintiffs request and pray that Defendants

Truckmovers.com, Inc., Norton Transport, Inc., Yadira Carrillo and Calvin Rutledge, Individually be

cited to appear and answer herein and that on final trial hereof, Plaintiffs have judgment from, of, from

and against all named Defendants, both jointly and severally and for all damages sustained (either actual,

exemplary or otherwise), together with costs of suit, pre-judgment interest, post-judgment interest, and

for such other and further relief, both general and special, at law or in equity, to which Plaintiffs are

justly entitled, and for which they will ever pray.

Respectfully Submitted,

**_LAW OFFICES OF J. STEPHEN MUNCEY_**

/s/ J. Stephen Muncey
J. Stephen Muncey
State Bar Number: 00794346
Email: jsmuncey@aol.com

One Energy Square
4925 Greenville Avenue, Suite 200
Dallas, Texas 75206
(214) 265-0406 (office)
(214) 265-0407 (facsimile)

**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT 1-7

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-19-02245-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**TRUCKMOVERS.COM, INC.**
**SERVE REGISTERED AGENT**
**L THOMAS DUVALL**
**2310 S REDWOOD AVENUE**
**INDEPENDENCE MO  64057**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**JOSE HIGAREDA; MARTHA GONZALEZ; JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD (AND AS A BYSTANDER)**
*Plaintiff(s)*
VS.

**CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.; NORTON TRANSPORT, INC.; YADIRA CARRILLO**
*Defendant(s)*

filed in said Court on the 14th day of June, 2019a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of June, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez

CC – 19 – 02245 – A
CICI
ISSUE CITATION
2107735

---

**ATTORNEY**

**CITATION**
**PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE**

**CC-19-02245-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

JOSE HIGAREDA; MARTHA GONZALEZ; JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD ,(AND AS A BYSTANDER) *Plaintiff(s)*

VS.

CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.; NORTON TRANSPORT, INC.; YADIRA CARRILLO, *Defendant(s)*

**SERVE:**
**TRUCKMOVERS.COM, INC.**
**SERVE REGISTERED AGENT**
**L THOMAS DUVALL**
**2310 S REDWOOD AVENUE**
**INDEPENDENCE MO  64057**

**ISSUED THIS**
**19TH DAY OF JUNE, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-19-02245-A   County Court at Law No. 1

JOSE HIGAREDA, MARTHA GONZALEZ, JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD (AND AS A BYSTANDER)vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC..et al

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT
L THOMAS DUVALL
2310 S REDWOOD AVENUE
INDEPENDENCE MO  64057

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to TRUCKMOVERS.COM, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy      $_____      _____, Officer

Total    $_____                     _____, County, Texas

By:_____, Deputy

_____, Affiant

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-19-02245-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**CALVIN RUTLEDGE, INDIVIDUALLY**
**310 JACKSON ROAD**
**GOODLETTSVILLE, TN 37072**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**JOSE HIGAREDA; MARTHA GONZALEZ; JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD (AND AS A BYSTANDER)**
*Plaintiff(s)*
**VS.**

**CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.; NORTON TRANSPORT, INC.; YADIRA CARRILLO**
*Defendant(s)*

filed in said Court on the 14th day of June, 2019a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of June, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
   Guisla Hernandez



CC – 19 – 02245 – A
CICI
ISSUE CITATION
2107736



---

| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFFS' SECOND AMENDED** |
| **PETITION & REQUEST FOR DISCLOSURE** |
| **CC-19-02245-A** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

JOSE HIGAREDA; MARTHA GONZALEZ;
JOSE HIGAREDA, INDIVIDUALLY AND
AS NEXT OF FRIEND FOR A MINOR
CHILD(AND AS A BYSTANDER),
*Plaintiff(s)*

VS.

CALVIN RUTLEDGE, INDIVIDUALLY;
TRUCKMOVERS.COM, INC.; NORTON
TRANSPORT, INC.; YADIRA CARRILLO,
*Defendant(s)*

**SERVE:**
**CALVIN RUTLEDGE, INDIVIDUALLY**
**310 JACKSON ROAD**
**GOODLETTSVILLE, TN 37072**

**ISSUED THIS**
**19TH DAY OF JUNE, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX 75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-19-02245-A County Court at Law No. 1

JOSE HIGAREDA, MARTHA GONZALEZ, JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD(AND AS A BYSTANDER) vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC..et al

**ADDRESS FOR SERVICE:**
310 JACKSON ROAD
GOODLETTSVILLE, TN 37072
**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to CALVIN RUTLEDGE, INDIVIDUALLY in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy     $_____     _____, Officer

Total     $_____                         _____, County, Texas

                                        By:_____, Deputy

                                        _____, Affiant

# THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-19-02245-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**YADIRA CARRILLO**
**1709 CURTIS DRIVE**
**GARLAND TX  75040**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**JOSE HIGAREDA; MARTHA GONZALEZ; JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD(AND AS A BYSTANDER)**
*Plaintiff(s)*
**VS.**

**CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.; NORTON TRANSPORT, INC.; YADIRA CARRILLO**
*Defendant(s)*
filed in said Court on the 14th day of June, 2019a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of June, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



CC – 19 – 02245 – A
CICI
ISSUE CITATION
2107734



---

**ATTORNEY**

**CITATION**
**PLAINTIFFS' SECOND AMENDED**
**PETITION & REQUEST FOR**
**DISCLOSURE**

**CC-19-02245-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

JOSE HIGAREDA; MARTHA
GONZALEZ; JOSE HIGAREDA,
INDIVIDUALLY AND AS NEXT OF
FRIEND FOR A MINOR CHILD(AND
AS A BYSTANDER), *Plaintiff(s)*

VS.

CALVIN RUTLEDGE,
INDIVIDUALLY;
TRUCKMOVERS.COM, INC.;
NORTON TRANSPORT, INC.;
YADIRA CARRILLO, *Defendant(s)*

**SERVE:**
**YADIRA CARRILLO**
**1709 CURTIS DRIVE**
**GARLAND TX  75040**

**ISSUED THIS**
**19TH DAY OF JUNE, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-19-02245-A   County Court at Law No. 1

JOSE HIGAREDA, MARTHA GONZALEZ, JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD(AND AS A BYSTANDER) vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC..et al

**ADDRESS FOR SERVICE:**
1709 CURTIS DRIVE
GARLAND TX  75040

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to YADIRA CARRILLO in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy        $_____      _____, Officer

Total    $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-19-02245-A

COUNTY COURT AT LAW NO. 1

Dallas County, Texas

TO:

**NORTON TRANSPORT, INC.**
**SERVE REGISTERED AGENT CALVIN NORTON**
**50A FIELDSTONE VILLAGE DRIVE**
**ROCK SPRING GA  30739**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE, a default judgment may be taken against you."  Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**JOSE HIGAREDA; MARTHA GONZALEZ; JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD (AND AS A BYSTANDER)**
*Plaintiff(s)*

**VS.**

**CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.; NORTON TRANSPORT, INC.; YADIRA CARRILLO**
*Defendant(s)*

filed in said Court on the 14th day of June, 2019a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of June, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



CC–19–02245–A
CICI
ISSUE CITATION
2107733



---

**ATTORNEY**

CITATION
**PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE**

**CC-19-02245-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

JOSE HIGAREDA; MARTHA GONZALEZ; JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD (AND AS A BYSTANDER), *Plaintiff(s)*

**VS.**

CALVIN RUTLEDGE, INDIVIDUALLY; TRUCKMOVERS.COM, INC.; NORTON TRANSPORT, INC.; YADIRA CARRILLO, *Defendant(s)*

**SERVE:**
**NORTON TRANSPORT, INC.**
**SERVE REGISTERED AGENT CALVIN NORTON**
**50A FIELDSTONE VILLAGE DRIVE**
**ROCK SPRING GA  30739**

**ISSUED THIS**
**19TH DAY OF JUNE, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

J STEPHEN MUNCEY
LAW OFFICES OF J STEPHEN MUNCEY
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206
214-265-0406

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-19-02245-A  County Court at Law No. 1

JOSE HIGAREDA, MARTHA GONZALEZ, JOSE HIGAREDA, INDIVIDUALLY AND AS NEXT OF FRIEND FOR A MINOR CHILD (AND AS A BYSTANDER) vs. CALVIN RUTLEDGE, INDIVIDUALLY, TRUCKMOVERS.COM, INC., NORTON TRANSPORT, INC..et al

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT CALVIN NORTON
50A FIELDSTONE VILLAGE DRIVE
ROCK SPRING GA  30739

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____County, Texas by delivering to NORTON TRANSPORT, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy     $_____     _____, Officer

Total   $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant